PER CURIAM.
The defendant appeals the circuit court’s order denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. The defendant argues he was entitled to relief because his first attorney did not properly advise him of a favorable plea offer which he claims he would have accepted on the two counts charged. We reverse and remand for the circuit court to reconsider its order in light of the Florida Supreme Court’s later pronouncement of the four-part prejudice analysis in Alcorn v. State, 121 So.3d 419 (Fla.2013).
At the evidentiary hearing on the motion, the defendant testified that his first attorney did not properly advise him of a fifty-two month plea offer. The defendant also testified that his first attorney did not advise him of the maximum sentences he faced upon conviction for the charged offenses, that he qualified for enhanced sentencing as a prison releasee reoffender (“PRR”) and as a habitual felony offender (“HFO”), and that the plea offer would expire on a specific date. The defendant’s first attorney similarly testified that he did not recall whether he advised the defendant about the maximum sentences, the potential enhancements, or the plea offer’s expiration date.
From that point, the record is undisputed. The plea offer expired and the defendant decided to enter an open plea. At the plea hearing, the court properly advised the defendant of his maximum sentences. However, after the defendant entered the open plea, but before sentencing, the parties learned that the defendant qualified for enhanced PRR and HFO sentencing.
After learning of the defendant’s PRR and HFO qualifications, the state acknowledged that the defendant could withdraw his open plea. However, the state notified the defendant that if he withdrew his open plea, it would seek both the PRR and the HFO enhancements, and if the defendant maintained his open plea, it would seek only the PRR enhancement. The defendant, represented by a new attorney, chose *368 not to withdraw his open plea. The court sentenced the defendant to concurrent terms of fifteen years in prison as a PRR on count one and ten years on count two.[1]
After considering the record, the circuit court denied the defendant’s rule 3.850 motion, finding that the defendant failed to demonstrate prejudice. The court reasoned that the first attorney’s misadvice regarding the plea offer was cured when the court properly advised the defendant of his maximum sentences before he entered his open plea.
This appeal followed. While this appeal was pending, our supreme court decided Alcorn, which involved a comparable claim. In Alcorn, the defendant claimed his attorney misadvised him that his maximum sentence was thirty years, when in fact he faced a maximum life sentence because he qualified as an HFO. Based on that mis-advice, the defendant rejected the state’s twelve-year plea offer. After trial, the state discovered that the defendant was eligible for enhanced sentencing as an HFO. The trial court imposed a thirty-year HFO term.
Our supreme court concluded that although the defendant ultimately received what he was misadvised was the maximum sentence, this result did not preclude a finding of prejudice. To reach its conclusion, the court clarified that prejudice is determined based upon the circumstances “at the time of the offer and what would have been done with proper and adequate advice.” Alcorn, 121 So.3d at 432 (analyzing Missouri v. Frye, _ U.S. _, _, 132 S.Ct. 1399, 1410, 182 L.Ed.2d 379 (2012), and Lafler v. Cooper, _ U.S. _, _, 132 S.Ct. 1376, 1384-85, 182 L.Ed.2d 398 (2012)). The court then held that, to establish prejudice in connection with a lost plea, a defendant must demonstrate: (1) the defendant would have accepted the plea offer if counsel had advised the defendant correctly; (2) the prosecutor would not have withdrawn the plea offer; (3) the court would have accepted the plea offer; and (4) the conviction or sentence, or both, under the plea offer’s terms would have been less severe than the actual judgment and sentence imposed. Id. at 433.
Here, the circuit court’s denial of the defendant’s rule 3.850 motion predated Al-corn and is not consistent with our supreme court’s modified prejudice analysis. Thus, we are unable to review the defendant’s appeal in its current posture. See Alcorn, 121 So.3d at 425-26 (“In reviewing a trial court’s ruling after an evidentiary hearing on an ineffective assistance of counsel claim, this Court defers to the factual findings of the trial court to the extent that they are supported by competent, substantial evidence, but reviews de novo the application of the law to those facts.”) (citation omitted). Consequently, we remand for the circuit court to apply Alcorn’s four-part prejudice analysis set forth above.

Reversed and remanded for proceedings consistent with this opinion.

CIKLIN, GERBER and LEVINE, JJ., concur.

. The ten-year term on count two was given an HFO designation. The state, in responding to the defendant's rule 3.850 motion challenging the HFO designation, conceded that the court should strike the HFO designation.